920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Leo OSWALD, Plaintiff-Appellant,
v.
STATE OF MICHIGAN SUPREME COURT, Defendant-Appellee.
 No. 90-1588.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Leo Oswald has moved for a rehearing en banc of this court's order of August 31, 1990, denying his motion for leave to proceed in forma pauperis on appeal.
 
 
 2
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, Oswald alleged that defendant, the Michigan Supreme Court, had improperly dismissed five appeals which he had taken from interlocutory orders entered in an on-going state criminal proceeding against him. As relief, he requested that a federal district court conduct "appellate review" of those state court decisions. The district court, however, dismissed the complaint as frivolous and certified that an appeal would not be taken in good faith. 28 U.S.C. Secs. 1915(a) and (d).
 
 
 3
 Oswald subsequently sought leave to proceed in forma pauperis on appeal from this court. A single judge of this court denied that request on August 31, 1990. Oswald was further advised that the failure to pay the filing fee within fourteen days after the entry of that order would result in dismissal of his appeal for failure to prosecute. Oswald then filed a petition for rehearing en banc of that order.
 
 
 4
 Orders of this court which are not final judgments are not subject to en banc review. Fed.R.App.P. 35 and 40(a). Accordingly, the court has construed the petition for rehearing en banc as a motion to reconsider by a panel of the court. Review of the record indicates that the motion for leave to proceed in forma pauperis on appeal was properly denied. Moreover, the court notes that Oswald failed to pay the requisite filing fee within fourteen days of the entry of the order of August 31, 1990.
 
 
 5
 Accordingly, it is ORDERED that the appeal is hereby dismissed for failure to prosecute. Rule 8(b), Rules of the Sixth Circuit.